**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:26-cv-2469

JOHN ISEMAN, individually and on behalf of all similarly situated persons,

Plaintiff,

v.

CAPSTONE LOGISTICS, LLC, a Delaware Limited Liability Company, and PRIORITY EXPRESS COURIER, LLC, a Delaware Limited Liability Company,

Defendants.

---

## NOTICE OF REMOVAL

---

**PLEASE TAKE NOTICE** that Defendants Capstone Logistics, LLC and Priority Express Courier, LLC (collectively, "Defendants"), by and through undersigned counsel, hereby remove this action from the District Court for the City and County of Denver, Colorado, to the United States District Court for the District of Colorado. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453. In support of removal, Defendants state as follows:

### I. STATE-COURT ACTION AND STATE-COURT PAPERS

**1. The Action.** Plaintiff John Iseman ("Plaintiff") filed a Class Action Complaint on April 17, 2026, in the District Court for the City and County of Denver, Colorado, captioned *John Iseman, individually and on behalf of all similarly situated persons v. Capstone Logistics, LLC, a Delaware*

*Limited Liability Company, and Priority Express Courier, LLC, a Delaware Limited Liability Company*, Case No. 2026CV31407. *See* Class Action Complaint ("Compl."), Ex. B.

**2. Claims and Allegations.** The Complaint asserts a putative class action under C.R.C.P. 23 and alleges claims under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.*, and the Colorado Overtime and Minimum Pay Standard ("COMPS") Order, 7 C.C.R. 1103-1, *et seq.* Compl. ¶¶ 1, 20, 32, 44–55. Plaintiff alleges Defendants misclassified Plaintiff and other grocery delivery drivers as independent contractors; deducted vehicle-insurance, uniform, and drug-test costs; adjusted time-clock entries; failed to pay alleged standby time; and retaliated against Plaintiff by constructively discharging him after he questioned Defendants' standby-pay practices. Compl. ¶¶ 13, 16, 22–43, 49–55. Defendants deny Plaintiff's allegations and remove this case without admitting liability, damages, class certification, or the propriety of any relief sought.

**3. State-Court Papers.** Under 28 U.S.C. § 1446(a), Defendants are filing with this Notice copies of the process, pleadings, and orders reflected on the state-court docket and available to Defendants. Under Local Civil Rule 81.1(b), Defendants also are filing a current state-court docket sheet/register of actions. Based on the state-court docket as of removal, the following state-court papers are being filed with this Notice:

| Exhibit | State-Court Filing |
|---|---|
| A | Current State-Court Docket Sheet |
| B | S001-00 Class Action Complaint (filed Apr. 17, 2026) |
| C | S002-00 Civil Case Cover Sheet (filed Apr. 17, 2026) |
| D | S003-00 District Court Civil Summons – Capstone Logistics, LLC (filed Apr. 17, 2026) |
| E | S004-00 District Court Civil Summons – Priority Express Courier, LLC (filed Apr. 17, 2026) |
| F | S005-00 Pretrial Order (filed Apr. 17, 2026) |
| G | S006-00 Delay Reduction Order (filed Apr. 17, 2026) |

| Exhibit | State-Court Filing |
|---|---|
| H | S007-00 Entry of Appearance (filed May 1, 2026) |
| I | S008-00 Defendants' Unopposed Motion for 21-Day Extension of Time to Respond to Complaint (filed May 1, 2026) |
| J | S008-01 Proposed Order Granting Defendants' Unopposed Motion for 21-Day Extension of Time to Respond to Complaint (filed May 1, 2026) |
| K | S009-00 Order Granting Defendants' Unopposed Motion for Extension of Time to Respond to Complaint (filed May 4, 2026) |

**4. Pending Motions and Hearings.** The state-court docket reflects that Defendants' only motion—the unopposed motion for a 21-day extension of time to respond to the Complaint—was granted on May 4, 2026. *See* Exs. I–K. The state-court docket does not reflect any currently pending state-court motion. Undersigned counsel is not aware of any state-court hearing currently set in this Action.

## II. REMOVAL PROCEDURE

**5. Timeliness.** This Notice of Removal is timely under 28 U.S.C. § 1446(b). This action was commenced on April 17, 2026. Although 28 U.S.C. § 1446(c)(1) imposes a one-year limitation on certain diversity removals, that limitation does not apply here because this matter has been pending for less than a year and, regardless, Defendants remove this putative class action under CAFA, 28 U.S.C. § 1332(d). 28 U.S.C. § 1453(b) expressly provides that "the 1-year limitation under section 1446(c)(1) shall not apply" to CAFA removals.

Nor did the Complaint trigger the thirty-day removal period under § 1446(b)(1). The Complaint asserts a putative class action and alleges that the proposed class is sufficiently numerous for purposes of C.R.C.P. 23, but it does not allege that the proposed class contains at least 100 members, does not allege that the aggregate amount in controversy exceeds $5,000,000, and does not plead facts from which that amount can be ascertained by simple arithmetic. The Complaint therefore did not provide clear and unequivocal notice that CAFA's jurisdictional requirements were satisfied. *See Paros Props.*

*LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035–36 (10th Cir. 1998).

Since the filing of the Complaint, Defendants have not received an amended pleading, motion, order, or other paper from which it could first be ascertained that this action is removable within the meaning of § 1446(b)(3). Defendants therefore file this Notice promptly after determining from their own records and investigation that CAFA's jurisdictional requirements are satisfied. *See Paros*, 835 F.3d at 1271 n.5 ("[A] defendant need not await . . . unambiguous notice before filing a notice of removal. Once it reasonably believes that the jurisdictional prerequisites have been satisfied, it can properly seek removal."); *Little v. Wendy's Int'l, LLC*, No. 24-1232, 2024 WL 4455858, at **3–4 (10th Cir. Oct. 10, 2024).

**6.** **Proper District**. The United States District Court for the District of Colorado is the proper federal district because the District of Colorado embraces the District Court for the City and County of Denver, Colorado, where this action is pending. *See* 28 U.S.C. §§ 1441(a), 1446(a).

**7.** **Joinder and Consent.** Both Defendants join in this Notice. In any event, CAFA permits removal of a class action by any defendant without the consent of all defendants and without regard to the forum-defendant rule. *See* 28 U.S.C. § 1453(b).

## III. THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA

**8.** **CAFA Jurisdiction**. This Court has original jurisdiction under CAFA because this is a class action in which the proposed class consists of at least 100 members, at least one class member is a citizen of a state different from at least one defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (5)(B), (6).

**9.** **Class Action.** The Complaint is filed as a class action under C.R.C.P. 23, which is a state rule authorizing one or more representative persons to bring an action as a class action. Compl. ¶

44. The Complaint preliminarily defines the putative class as "ALL HOURLY EMPLOYEES WHO WORKED FOR DEFENDANTS IN COLORADO AS GROCERY DELIVERY DRIVERS FROM THREE YEARS PRIOR TO THE FILING OF THIS LAWSUIT THROUGH FINAL JUDGMENT." *Id.* That satisfies CAFA's class-action requirement. See 28 U.S.C. § 1332(d)(1)(B).

**10. At Least 100 Class Members.** The Complaint alleges that the proposed class is "so numerous that joinder of all Class Members is impracticable." Compl. ¶ 45(a). Based on Defendants' records for grocery delivery-driver operations in Colorado during the period presently analyzed, the proposed class includes at least 606 persons. *See* Declaration of Megan Fager (Fager Decl.) ¶ 9. CAFA's class-size requirement is therefore satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**11. Plaintiff's Citizenship.** Plaintiff alleges he is an individual and resident of Colorado and worked for Defendants in Colorado. Compl. ¶¶ 2, 15. Based on those allegations and the information presently available, Defendants allege that Plaintiff is a citizen of Colorado for jurisdictional purposes.

**12. Defendants' Citizenship and Minimal Diversity.** The Complaint identifies Capstone Logistics, LLC as a Delaware limited liability company and alleges that its principal place of business is in Georgia. Compl. at 1 & ¶ 3. The Complaint identifies Priority Express Courier, LLC as a Delaware limited liability company, alleges that its principal place of business is in Georgia, and alleges that Priority Express Courier, LLC is a wholly owned subsidiary of Capstone Logistics, LLC. Compl. at 1 & ¶¶ 4, 7. For purposes of CAFA, an unincorporated association is deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702–04 (4th Cir. 2010). Defendants therefore are citizens of Delaware and Georgia for CAFA purposes. Because

Plaintiff is a citizen of Colorado and Defendants are citizens of Delaware and Georgia, CAFA's minimal-diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**13. Amount-in-Controversy Standard.** A notice of removal need contain only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; evidence is required only if the plaintiff or the court contests the allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014). In the Tenth Circuit, if the CAFA amount in controversy is challenged, the removing party may establish the amount by a preponderance of the evidence. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246–47 (10th Cir. 2012). The amount in controversy is measured by what Plaintiff has placed at issue, not by what Defendants concede is owed. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955–57 (10th Cir. 2008).

**14. Relief Sought.** The Complaint places more than $5,000,000 in controversy. Plaintiff seeks, on behalf of himself and the putative class, unpaid wages for alleged off-the-clock standby time, alleged time-clock adjustments, alleged unpaid overtime, alleged unlawful deductions, statutory penalties, equitable relief, attorney's fees, litigation expenses, pre- and post-judgment interest, and other relief. Compl. ¶¶ 16, 22–34, 49–55 & Request for Relief. Plaintiff also seeks individual front wages and other statutory damages for alleged retaliation. Compl. ¶¶ 52–55. Plaintiff alleges the wage violations were knowing, willful, and reckless. Compl. ¶ 49. For purposes of the amount in controversy, recoverable statutory penalties and attorney's fees are included. *See, e.g.*, C.R.S. §§ 8-4-109(3)(b), 8-4-110(1)(b)(I); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).[1] For purposes of calculating the amount in controversy, Defendants conservatively estimate attorney's fees at 25% of the unpaid wages and statutory penalties placed in controversy.

[1] C.R.S. § 8-4-109(b) provides that employees may recover the amount of any unpaid wages or compensation plus "an automatic penalty," for any willful failure to pay wages or compensation, equal to "the greater of three times the amount of unpaid wages or compensation or three thousand dollars."

Defendants' records for grocery delivery-driver operations in Colorado during the relevant period reflect at least 606 putative class members falling within Plaintiff's class definition. *See* Fager Decl. ¶ 9. Defendants' records additionally reflect that those individuals were collectively under contract for at least 10,329 contractor-weeks, and that there have been at least $1,147,513.88 in deductions from putative class members' settlement payments between September 27, 2024 and May 29, 2026. *See id.* ¶¶ 10–11. Plaintiff alleges that these deductions were unlawful and that Defendants' alleged violations were knowing, willful, and reckless. Compl. ¶¶ 16, 22–34, 49–55 & Request for Relief.

The challenged deductions alone place more than $5,000,000 in controversy when statutory penalties and attorney's fees are included. The $1,147,513.88 in challenged deductions, combined with willfulness penalties of three times that amount, places $4,590,055.52 in controversy. A conservative 25% attorney's-fee estimate adds $1,147,513.88, bringing the amount in controversy on the deduction theory alone to at least $5,737,569.40.

The amount in controversy independently exceeds $5,000,000 under Plaintiff's unpaid-time theory as well. Plaintiff alleges that putative class members typically worked five or six days per week, were required to report at the start of their assigned shifts, and were required to wait on premises for routes to be ready for up to two hours, but were not paid for that time. Compl. ¶¶ 23–33. Plaintiff additionally alleges that putative class members frequently worked shifts lasting longer than ten hours, but that when that occurred, Defendants would adjust putative class members' "clock-out" time to reflect that they only worked ten hours. *Id.* ¶¶ 24-27. Defendants' records reflect at least 10,329 contractor-weeks during the period presently analyzed. Conservatively assuming only one unpaid hour per workday and five workdays per contractor-week results in 51,645 unpaid hours.

Using the applicable statewide Colorado minimum wage for the dates reflected in Defendants' records, the unpaid minimum-wage component of that time places $770,462.10 in controversy. The corresponding willfulness penalties are $2,311,386.30, and a conservative 25% attorney's-fee estimate adds $770,462.10, for a subtotal of $3,852,310.50 on the unpaid minimum-wage component.[2]

Because Plaintiff also seeks overtime wages, the incremental overtime-premium component places an additional $385,231.05 in controversy.[3] The corresponding willfulness penalties are $1,155,693.15, and a conservative 25% attorney's-fee estimate adds $385,231.05, for an additional subtotal of $1,926,155.25 on the overtime-premium component.

Thus, the unpaid-time theory places at least $5,778,465.75 in controversy: $3,852,310.50 for the unpaid minimum-wage component plus $1,926,155.25 for the incremental overtime-premium component. This calculation is conservative because it assumes only one unpaid hour per workday, five days per week, although Plaintiff alleges unpaid standby time of up to two hours, 6 days per week; uses the statewide Colorado minimum wage, not any higher actual rate or potentially applicable local rate; uses only settlement weeks actually reflected in Defendants' records; and excludes alleged time-clock adjustments, additional straight-time wages, additional overtime premiums, equitable relief, front wages, statutory interest, litigation expenses, and costs. The amount in controversy therefore exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (6).

---

[2] For the unpaid minimum-wage component, Defendants assumed one unpaid hour per workday, five workdays per contractor-week, across 10,329 contractor-weeks, for 51,645 unpaid hours. Defendants valued those hours using the applicable statewide Colorado minimum wage for the settlement dates reflected in Defendants' records, resulting in $770,462.10 in unpaid wages. The $2,311,386.30 penalty figure is three times that amount, and the $770,462.10 fee estimate is 25% of the unpaid wages plus penalties.

[3] For the incremental overtime-premium component, Defendants used the same 51,645 assumed unpaid hours and calculated only the additional one-half-time overtime premium above the minimum-wage component. That calculation results in $385,231.05 in additional overtime premiums. The $1,155,693.15 penalty figure is three times that amount, and the $385,231.05 fee estimate is 25% of the overtime premiums plus penalties.

**15.** **No CAFA Exception Applies.** The exceptions to the exercise of jurisdiction under CAFA do not defeat jurisdiction. The Complaint names no Colorado defendant. The home-state exception cannot apply because the primary defendants are not Colorado citizens, and the local-controversy exception cannot apply because there is no local Colorado defendant from whom significant relief is sought and whose conduct forms a significant basis of the claims asserted. *See* 28 U.S.C. § 1332(d)(3)–(4).

## IV. NOTICE TO STATE COURT AND ADVERSE PARTY; RESERVATION OF RIGHTS

**16.** **Notice.** Promptly after filing this Notice of Removal, Defendants will provide written notice to Plaintiff and file a copy of this Notice with the Clerk of the District Court for the City and County of Denver, Colorado, as required by 28 U.S.C. § 1446(d).

**17.** **Reservation of Rights.** By removing this action, Defendants do not admit any allegation in the Complaint, do not admit that Plaintiff or any putative class member is entitled to any relief, do not admit that this action may properly proceed as a class action, and do not waive any defenses, objections, rights, or arguments available in state or federal court, including defenses under Fed. R. Civ. P. 12 and any challenges to class certification.

WHEREFORE, Defendants Capstone Logistics, LLC and Priority Express Courier, LLC respectfully remove this action from the District Court for the City and County of Denver, Colorado, to the United States District Court for the District of Colorado.

Dated: June 3, 2026

Respectfully submitted,

/s/ Andrew J. Butcher
Andrew J. Butcher
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Phone: 312-255-7200
abutcher@scopelitis.com

Christopher C. McNatt, Jr.
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
Phone: 626-795-4700
cmcnatt@scopelitis.com

*Attorneys for Defendants, Capstone Logistics, LLC and Priority Express Courier, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Victoria E. Guzman
Alexander Hood
TOWARDS JUSTICE
303 E. 17th Avenue, Suite 400
Denver, CO 80203
Victoria@TowardsJustice.org
Alex@TowardsJustice.org
*Counsel for Plaintiff*

/s/ Andrew J. Butcher
Andrew J. Butcher